IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HYDER,<br><br>      Plaintiff,<br><br>  v.<br><br>KEMPER NATIONAL SERVICES, INC., LUMBERMAN'S MUTUAL INSURANCE CO., BROADSPIRE SERVICES, INC., VODAFONE AMERICAS, INC., VODAFONE AMERICAS, INC., SHORT TERM DISABILITY PLAN, VODAFONE AMERICAS, INC., LONG TERM DISABILITY PLAN, VODAFONE EMPLOYEE HEALTH PLAN, VODAFONE EMPLOYEE DENTAL PLAN, VERIZON WIRELESS, INC., and DOES 1 TO 50, inclusive,<br><br>      Defendants.<br>_____/ | No. C 05-1782 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

    Defendants Kemper National Services, Inc., Lumberman's Mutual Insurance Co., Broadspire Services, Inc., Vodafone Americas, Inc., Long Term Disability Plan, and Vodafone Americas, Inc., Short Term Disability Plan (collectively, Moving Defendants) move to dismiss Plaintiff Nancy Hyder's State law claims against them for failure to state a claim upon which relief can be granted, on the grounds that they are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1054 et seq. Plaintiff opposes the

motion.

Having considered all of the papers filed by the parties, the Court grants Defendants' motion.

BACKGROUND

According to her complaint, Plaintiff was employed by Defendant Vodafone Americas (Vodafone), or its subsidiaries or affiliates. Defendants Vodafone Americas, Inc., Long Term Disability Plan, and Vodafone Americas, Inc., Short Term Disability Plan (collectively, Disability Plan Defendants) were established for Vodafone employees and are employee welfare benefit plans as defined by provisions of ERISA, 29 U.S.C. § 1002. Complaint ¶ 4. Disability Plan Defendants "satisfied their respective obligations" to Vodafone employees by purchasing disability insurance coverage from Defendants Kemper Insurance Co., Lumberman's Mutual Insurance Co., and their successor-in-interest Broadspire Services, Inc., (collectively, Insurance Defendants).[1] Id. ¶¶ 3, 4.

Plaintiff alleges five causes of action arising from denials of disability benefits, stock options and retiree health and dental coverage. Against Insurance Defendants, Plaintiff brings claims of (1) breach of the duty of good faith and fair dealing and (2) breach of contract. In the alternative, Plaintiff brings a claim against Disability Plan Defendants and Insurance Defendants for (3) denial of benefits in violation of ERISA, 29 U.S.C. § 1132.

---

[1] Actually, Defendants state that Vodafone Americas, Inc., Short Term Disability Plan is self-funded, and the Long Term Disability Plan is insured through Lumberman's Mutual Insurance, Co. and adminstered by Broadspire Services, Inc.; Plaintiff does not dispute this.

2

Plaintiff also brings claims (4) against Vodafone for breach of contract based on the denial of stock options and (5) against Vodafone Employee Health Plan, Vodafone Employee Dental Plan and Verizon Wireless, Inc., for denial of benefits due under an ERISA plan, 29 U.S.C. § 1132(a)(1)(B) and (c)(1).

LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be

amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

Defendants move to dismiss Plaintiff's first and second State law claims against Insurance Defendants for breach of the duty of good faith and fair dealing and breach of contract, on the grounds that they are preempted by ERISA. See 29 U.S.C. §§ 1132(a)(1)(B) (creating a federal cause of action to recover benefits due or enforce rights under ERISA plans) and 1144 (providing that ERISA "shall supercede any and all State laws insofar as they may now or hereafter related to any employee benefit plan described in section 1003(a) of this title").

Plaintiff does not deny that her claims against Insurance Defendants are related to a denial of coverage for benefits to which she is entitled because of ERISA employee benefit plans. Indeed, Plaintiff pleads, in the alternative, a cognizable ERISA claim. Complaint ¶¶ 52-56. Instead, Plaintiff proffers the novel argument that ERISA's preemptive force applies only to claims against employee benefit plans themselves, not to claims against the insurance companies from which ERISA plans may purchase insurance. Plaintiff alleges that while the Disability Plan Defendants' "obligations to procure the policies" were fulfilled, each Insurance Defendant breached its "distinct obligations to

4

refrain from breaching its contracts and to refrain from acting in bad faith." Complaint ¶ 53.

Plaintiff contends that the Insurance Defendants are not themselves employee benefit plans, and notes that the Supreme Court has recognized this distinction in the context of decisions regarding the scope of ERISA preemption. In FMC Corp. v. Holliday, 498 U.S. 52 (1990), the Court, holding that ERISA preempted application of Pennsylvania's anti-subrogation law to a self-funded health care plan, noted,

> By recognizing a distinction between insurers of plans and the contracts of those insurers, which are subject to direct state regulation, and self-insured employee benefit plans governed by ERISA, which are not, we observe Congress' presumed desire to reserve to the States the regulation of the 'business of insurance.'

498 U.S. at 63. In New York Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645 (1995), the Court reiterated this distinction when it held that ERISA did not preempt a New York statute that imposed surcharges on patients whose commercial insurance coverage or HMO membership was purchased by an ERISA plan. The Court found that the surcharges had no "connection" to ERISA because they applied regardless of whether a patient's insurance was purchased pursuant to an ERISA plan, and did not "relate" to ERISA because they had only an "indirect economic influence" on the choices of ERISA plans. Id. at 656, 59; see also Rush Prudential HMO, Inc., v. Moran, 536 U.S. 355 (2002) (holding Illinois medical review statute requiring HMOs to provide independent review of disputes between HMO and primary care physician not preempted by ERISA).

In this case, however, the Supreme Court's recognition of a distinction between ERISA plans and insurers, and willingness to allow certain State regulation of the latter, is inapposite. Plaintiff's claims against the Insurance Defendants are not based on State regulations that only indirectly involve the Disability Plan Defendants. Instead, her State law claims directly challenge a denial of coverage to which she claims she was entitled under ERISA.

Extensive case law establishes that the scope of ERISA preemption is extremely broad. The Supreme Court recently summarized ERISA preemption, as follows in part:

> The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern.
> ERISA's comprehensive legislative scheme includes an integrated system of procedures for enforcement. This integrated enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans. . . .
> Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.
> The pre-emptive force of ERISA § 502(a) is still stronger. . . . [T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. . . .
> [I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

Aetna Health, Inc., v. Davila, 124 S. Ct. 2488, 2495-96 (2004) (internal quotation marks and citations omitted).

6

Here, the Disability Plan Defendants contracted with the Insurance Defendants to fulfill their ERISA obligations; without an ERISA plan, Plaintiff would not be entitled to benefits. Plaintiff clearly could have brought her claim under § 1144(a)(1)(B), and in fact did so in the alternative. She cites no legal duty implicated by Insurance Defendants' actions that is not dependent on her right to benefits under ERISA.[2] As a result, her first two causes of action are completely preempted. Plaintiff's situation is consistent with the procedural posture in Davila, which also involved a suit against insurance providers rather than the employee benefits plans responsible for purchasing the insurance.

Despite Plaintiff's urging, the Court cannot base its decision on the policy implications of complete preemption, in light of Congress' legislation and the Supreme Court's clear construction thereof.

The Court therefore finds that Plaintiff's first and second State law claims are preempted by ERISA.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Moving Defendants' motion to dismiss Plaintiff's claims for breach of the duty of good

---

[2] Plaintiff notes that the Davila plaintiffs raised a similar question as to whether the insurance companies' obligation to cover particular treatments was in fact distinct from the ERISA plans' obligation to provide them with insurance, and that the Court deemed that issue had been waived. 124 S. Ct. at 2497, n.2. However, the Court gave no indication that it would have been inclined to consider such an argument favorably. Even if it had, the respective obligations of the insurers and the ERISA plans were more distinct in Davila, which involved the denial of coverage for particular services, than here, where the parties dispute whether Plaintiff is entitled to any benefits.

faith and fair dealing and breach of contract against the Insurance Defendants.

IT IS SO ORDERED.

Dated: JUN 29 2005

CLAUDIA WILKEN
United States District Judge