IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HYDER,<br><br>       Plaintiff,<br><br>  v.<br><br>KEMPER NATIONAL SERVICES, INC.;<br>LUMBERMAN'S MUTUAL INSURANCE CO.;<br>BROADSPIRE SERVICES, INC.; VODAFONE<br>AMERICAS, INC.; VODAFONE AMERICAS,<br>INC., SHORT TERM DISABILITY PLAN;<br>VODAFONE AMERICAS, INC., LONG TERM<br>DISABILITY PLAN; VODAFONE EMPLOYEE<br>HEALTH PLAN; VODAFONE EMPLOYEE DENTAL<br>PLAN; VERIZON WIRELESS, INC.; and<br>DOES 1 TO 50, inclusive,<br><br>       Defendants.<br>_____/ | No. C 05-1782 CW<br><br>ORDER ADDRESSING<br>BACK BENEFITS AND<br>PRE-JUDGMENT<br>INTEREST ON<br>PLAINTIFF'S ERISA<br>CLAIMS |

    On June 30, 2006, the Court issued an order granting Plaintiff's motion under Federal Rule of Civil Procedure 52 for adjudication of her Employee Retirement Income Security Act (ERISA) claims against Defendants Kemper National Services, Inc. (Kemper), Lumberman's Mutual Insurance Co. (Lumberman's), Broadspire Services, Inc. (Broadspire), Vodafone Americas, Inc., Long Term Disability Plan (the LTD Plan), and Vodafone Americas, Inc., Short Term Disability Plan (the STD Plan). Judgment has not entered

because Plaintiff's non-ERISA claims have not yet been adjudicated. Nevertheless, in anticipation of entry of judgment on these claims, the Court ordered Plaintiff to submit a proposed calculation of back benefits in an amount certain and a formula for calculating pre-and post-judgment interest.

    Plaintiff now claims that as of the June 30, 2006 Order, she was entitled to $29,689.49 in net short-term disability back benefits and $332,457.93 in net long-term disability back benefits. Plaintiff also calculates that she is entitled to $5,597.84 per month in on-going long-term disability benefits. Plaintiff asks the Court to award pre-judgment interest at the rate of ten percent per annum, pursuant to California Insurance Code § 10111.2, compounded annually, or alternatively pre-judgment interest at the rate prescribed by 28 U.S.C. § 1961(a), compounded monthly. Plaintiff also requests post-judgment interest pursuant to 28 U.S.C. § 1961(a).

    Without waiving their rights to contest the Court's decision against them, Defendants agree with Plaintiff's calculation of back benefits. The calculation of her ongoing benefits and of post-judgment interest is not disputed. However, Defendants dispute the appropriate pre-judgment interest rate, arguing that the § 1961(a) rate applies.

    The Ninth Circuit has held that a district court properly awarded a plaintiff, who prevailed on her ERISA claim for disability insurance benefits, pre-judgment interest at the § 1961(a) federal rate, rather than California's ten per cent statutory rate. <u>Grosz-Salomon v. Paul Revere Life Ins. Co.</u>, 237

2

1 F.3d 1154, 1163-64 (9th Cir. 2001).  The court explained that the
2 § 1961(a) rate was appropriate "unless the trial judge finds, on
3 substantial evidence, that the equities of that particular case
4 require a different rate."  Id. at 1164 (quoting Nelson v. EG&G
5 Energy Measurements Group, Inc., 37 F.3d 1384, 1391 (9th Cir.
6 1994)).  In light of this clear holding, Plaintiff's more general
7 analysis of the issue of ERISA preemption is inapposite.

8     Plaintiff has not shown substantial evidence that the equities
9 in this particular case demand the higher rate, and the Court does
10 not so find.  The Court will award pre-judgment interest at the
11 rate described in Title 28 U.S.C. § 1961(a).  However, the Court
12 finds that, in order to make Plaintiff whole, the equities demand
13 that the pre-judgment interest be compounded monthly.

14     IT IS SO ORDERED.

15

16 Dated: 10/11/06

17     CLAUDIA WILKEN
    United States District Judge

3