IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HYDER,<br><br>          Plaintiff,<br><br>     v.<br><br>KEMPER NATIONAL SERVICES, INC.;<br>LUMBERMAN'S MUTUAL INSURANCE CO.;<br>BROADSPIRE SERVICES, INC.; VODAFONE<br>AMERICAS, INC.; VODAFONE AMERICAS,<br>INC., SHORT TERM DISABILITY PLAN;<br>VODAFONE AMERICAS, INC., LONG TERM<br>DISABILITY PLAN; VODAFONE EMPLOYEE<br>HEALTH PLAN; VODAFONE EMPLOYEE DENTAL<br>PLAN; VERIZON WIRELESS, INC.; and<br>DOES 1 TO 50, inclusive,<br><br>          Defendants.<br>_____/ | No. C 05-1782 CW<br><br>ORDER GRANTING<br>PLAINTIFF'S<br>MOTION TO MODIFY<br>ORDER<br>ADJUDICATING<br>ERISA CLAIM AND<br>DENYING WITHOUT<br>PREJUDICE HER<br>MOTION TO ENTER<br>PARTIAL JUDGMENT |

     On June 30, 2006, the Court issued an order granting Plaintiff's motion under Federal Rule of Civil Procedure 52 for adjudication of her Employee Retirement Income Security Act (ERISA) claim against Defendants Kemper National Services, Inc. (Kemper); Lumberman's Mutual Insurance Co. (Lumberman's); Broadspire Services, Inc. (Broadspire); Vodafone Americas, Inc., Long Term

Disability Plan (the LTD Plan); and Vodafone Americas, Inc., Short Term Disability Plan (the STD Plan) (collectively the Disability Plan Defendants).[1]  On October 11, 2006, the Court issued an order determining the amount of back benefits and pre-judgment interest on Plaintiff's ERISA claim against the Disability Plan Defendants. Judgment has not entered because Plaintiff's non-ERISA claim has not yet been adjudicated.[2]

On November 10, 2006, Plaintiff moved to modify the Court's order granting her motion for adjudication of her ERISA claim against the Disability Plan Defendants and moved pursuant to Federal Rule of Civil Procedure 54(b) for entry of partial judgment on that claim.  The Disability Plan Defendants filed a statement of non-opposition.  Although judgment would not be entered against it, Defendant Vodafone Americas, Inc., initially opposed the motion to the extent that it might be considered dispositive of the claim against it.  Subsequently, these parties stipulated that the Court's ERISA order should be modified, that entry of judgment as to the disability benefits claim is appropriate, and as to the effect of that judgment on the remaining claims.  Having considered all of the papers filed by the parties, the Court GRANTS Plaintiff's motion to modify the order adjudicating the ERISA claim and DENIES without prejudice the motion for entry of partial judgment.

---

[1] For a complete overview of the facts of this case, see the Court's June 30, 2006 order.

[2] Further, as discussed below, there is an additional ERISA claim that presumably should be resolved by cross-motions pursuant to Federal Rule of Civil Procedure 52.

2

DISCUSSION

I.   Modification of the Court's Order

Plaintiff first argues that the Ninth Circuit's recent decision in <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006) (<u>en banc</u>), might require a modification of the Court's order.  However, Plaintiff argues, the Disability Plan Defendants agree, and the Court finds that <u>Abatie</u> does not change the outcome of the Court's order.

In <u>Abatie</u>, the Ninth Circuit held that its earlier decision in <u>Atwood v. Newmont Gold Co. Inc.</u>, 45 F.3d 1317, 1323 (9th Cir. 1995), which the Court followed in ruling on the disability benefit claim in this case, conflicted with Supreme Court precedent.  Therefore, the Ninth Circuit held that "abuse of discretion review, tempered by skepticism commensurate with the plan administrator's conflict of interest," rather than <u>de novo</u> review applies in situations where "a plan administrator denies benefits and (1) the wording of the plan confers discretion on the plan administrator and (2) the plan administrator has a conflict of interest."  458 F.3d at 959.

In its order ruling on Plaintiff's disability benefits claim, the Court, applying <u>de novo</u> review, found that she had established that she was entitled to benefits under the terms of the Long Term Disability plan.  Although <u>Abatie</u> requires abuse of discretion, rather than <u>de novo</u>, review in considering the denial of benefits in this case, the Court reaches the same conclusion under both standards of review.

Disability Plan Defendants' only argument in support of

3

1 judgment in their favor was that Plaintiff's lawsuit was time-
2 barred under a contractual provision, and the Court denied their
3 motion on multiple grounds. Because the Court's denial of the
4 motion was related to the lawsuit before it rather than a review of
5 the plan administrators' decisions, the standard of review was not
6 relevant to the decision.

7 Defendants' sole argument in opposition to Plaintiff's cross-
8 motion for adjudication of her LTD claim was that she failed to
9 make a prima facie showing that she was disabled under the terms of
10 the plan. Because the LTD plan administrator denied Plaintiff's
11 claim for benefits on procedural grounds, it did not make a
12 disability determination. Therefore, the Court could not defer to
13 the LTD Plan's decision and made an independent determination.
14 Even on a review for abuse of discretion, the Court could consider
15 all of the evidence related to Plaintiff's disability because it
16 was part of the administrative record, having been submitted to the
17 plan administrators. See June 30, 2006 Order at 23-24. Therefore,
18 the Court's determination that Plaintiff established that she is
19 disabled under the terms of the plan remains the same.

20 II. Entry of Judgment

21 Plaintiff, Disability Plan Defendants and Vodafone Americas,
22 Inc., also stipulate that entry of judgment pursuant to Rule 54(b)
23 is appropriate on the ERISA claim decided in the Court's June 30,
24 2006 order. However, Plaintiff's fifth cause of action is
25 apparently an additional ERISA claim on which no party has moved
26 for adjudication. In their answer to the complaint, Defendants
27 Vodafone Americas, Inc., the Vodafone Employee Health Plan, and the
28

4

Vodafone Employee Dental Plan, state that "Plaintiff's claims to recover disability, <u>health and dental benefits</u> are completely preempted by [ERISA]." Vodafone Americas, Inc. Answer at 3 (emphasis added). The Court's June 30, 2006 order resolved only Plaintiff's disability benefits claim. Therefore, Plaintiff's ERISA claims have not all been decided, and entry of partial judgment is inappropriate. The Court DENIES Plaintiff's motion for entry of partial judgment without prejudice to renewal following the resolution of the remaining ERISA claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to amend the June 30, 2006 order and DENIES without prejudice Plaintiff's motion for entry of judgment pursuant to Rule 54(b) (Docket No. 48). A case management conference will be held on January 5, 2007 at 1:30 pm. Plaintiffs and all non-Disability Plan Defendants shall attend. Disability Plan Defendants need not attend. Joint or separate case management statements shall be filed a week before the conference.

IT IS SO ORDERED.

Dated: 12/18/06

CLAUDIA WILKEN
United States District Judge