IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HYDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEMPER NATIONAL SERVICES, INC., LUMBERMAN'S MUTUAL INSURANCE CO., BROADSPIRE SERVICES, INC., VODAFONE AMERICAS, INC., VODAFONE AMERICAS, INC., SHORT TERM DISABILITY PLAN, VODAFONE AMERICAS, INC., LONG TERM DISABILITY PLAN, VODAFONE EMPLOYEE HEALTH PLAN, VODAFONE EMPLOYEE DENTAL PLAN, VERIZON WIRELESS, INC., and DOES 1 TO 50, inclusive,<br><br>　　　　Defendants.<br>_____/ | No. C 05-1782 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

　　　Plaintiff Nancy Hyder moves for attorney's fees in the amount of $95,540 from Defendants Kemper Insurance Co., Lumberman's Mutual Insurance Co., and their successor-in-interest Broadspire Services, Inc., (collectively, Insurance Defendants) and Vodafone Americas, Inc., Long Term Disability Plan, and Vodafone Americas, Inc., Short Term Disability Plan (collectively, Disability Plan Defendants).

Defendants oppose the motion.[1]  The matter was submitted on the papers.  Having considered all of the papers filed by the parties, the Court grants Plaintiff's motion.

BACKGROUND

On April 29, 2005, Plaintiff filed suit alleging five causes of action arising from denials of disability benefits, stock options and retiree health and dental coverage.  Her complaint included claims against Insurance Defendants, Disability Plan Defendants, Vodafone Americas, Inc., Vodafone Employee Health Plan, Vodafone Employee Dental Plan and Verizon Wireless.  Against Insurance Defendants, Plaintiff brought claims of (1) breach of the duty of good faith and fair dealing and (2) breach of contract.  In the alternative, Plaintiff brought a claim against Disability Plan Defendants and Insurance Defendants for (3) denial of benefits in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132.  Plaintiff also brought claims (4) against Vodafone for breach of contract based on the denial of stock options and (5) against Vodafone Employee Health Plan, Vodafone Employee Dental Plan and Verizon Wireless, Inc., for denial of benefits due under an ERISA plan, 29 U.S.C. § 1132(a)(1)(B) and (c)(1).

On June 29, 2005, the Court granted Insurance Defendants and Disability Plan Defendants' motion to dismiss the first and second causes of action, finding that they were preempted by ERISA.  On June 30, 2006, the Court denied Insurance Defendants and Disability

---

[1] In this order, all references to "Defendants" apply to the Insurance and Disability Plan Defendants only.

2

Plan Defendants' motion for summary judgment and granted Plaintiff's cross-motion for partial summary judgment on her third cause of action. The Court found that Plaintiff was entitled to benefits under both the Long Term and Short Term Disability Plans. On October 11, 2006, the Court entered an order awarding Plaintiff $29,689.49 in net short-term disability back benefits, $332,457.93 in net long-term disability back benefits, $5,597 per month in on-going long-term disability benefits and pre-judgment interest to be compounded monthly at the rate described in Title 28 U.S.C. § 1961(a). The relevant parties settled the remaining claims and the Court entered judgment on April 18, 2007.

Plaintiff now moves to recover $95,540 in attorney's fees. In support of the motion Plaintiff submits the declaration of her attorney, Richard Johnston, detailing the hours he spent on the case and requesting renumeration at the rate of $425 per hour, his current rate for ERISA matters. Mr. Johnston's declaration indicates that he has significant experience in ERISA litigation.

DISCUSSION

I. Attorney's Fees Under ERISA

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit has adopted a five-part test to determine whether attorney's fees should properly be awarded under ERISA: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar

3

circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). No one of these Hummell factors is decisive, and some may not be pertinent in a given case. Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 590 (9th Cir. 1984); Carpenters' S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984). The Hummell factors "reflect a balancing" and not all factors must weigh in favor of a fee award. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).

The Ninth Circuit has stated that when applying the Hummell factors, a district court "must keep at the forefront ERISA's remedial purposes that 'should be liberally construed in favor of protecting participants in employee benefit plans.'" Id. at 1172 (citing Smith, 746 F.2d at 589). The court should consider ERISA's purpose "to protect employee rights and to secure effective access to federal courts." Smith, 746 F.2d at 589. Finally, a motion for attorney's fees in an ERISA case requires application of a "special circumstances" rule under which a successful ERISA participant "should ordinarily recover fees unless special circumstances would render such an award unjust." Elliott v. Fortis Benefits Ins. Co., 337 F.3d 1138, 1148 (9th Cir. 2003) (citing McElwaine, 176 F.3d at 1172).

Plaintiff argues that the five Hummell factors weigh in favor of awarding attorney's fees and that there are no special circumstances which would render an award unjust. Defendants argue

4

1  that the Hummell factors do not support an award of attorney's fees
2  in this case, but do not argue that special circumstances exist or
3  apply.  The Court discusses each factor in turn.
4       A. Bad Faith or Culpability
5       Plaintiff argues that Defendants' decision to deny her
6  benefits "was characterized by bad faith and demonstrated
7  significant culpability."  Plaintiff's Motion at 7.  For example,
8  Plaintiff notes that Defendants never responded to her letter
9  indicating that her appeal was timely.  In addition, Plaintiff
10 points out that Defendants informed her that they were
11 investigating her disability status, but later denied her
12 application for short-term disability benefits as untimely and
13 therefore denied her long-term disability benefits because she had
14 not received short-term benefits.  As the Court stated in its order
15 granting Plaintiff's motion for partial summary judgment,
16 Defendants' communication with Plaintiff contained unexplained
17 "irregularities and inconsistencies."  June 30, 2006 Order at 18.
18      Defendants counter that the Court never found that their
19 arguments were made in bad faith and that two of the three claims
20 against them were dismissed.  However, the Ninth Circuit has held
21 that while "bad faith is a factor that would always justify an
22 award, it is not required."  Smith v. CMTA-IAM Pension Trust, 746
23 F.2d 587, 590 (9th Cir. 1984).  Further, that two of the three
24 claims against Defendants were dismissed because they were
25 preempted by ERISA says nothing about Defendants' culpability.
26      This factor weighs in favor of awarding attorney's fees.
27
28                                   5

B. Ability to Pay

Defendants do not contest that they are able to satisfy a fee award. This factor accordingly weighs in favor of awarding attorney's fees to Plaintiff. According to Smith, absent special circumstances, a prevailing ERISA employee should ordinarily receive attorney's fees from the defendant based on this factor alone. 746 F.2d at 590.

C. Deterrence

Plaintiff argues that an award of attorney's fees will dissuade Defendants from denying benefits in the same confusing and inconsistent manner in future cases. Defendants argue that because the denial was based on a simple timing issue, unique to Plaintiff's case, there is no possibility for deterrence in the future. However, in granting Plaintiff's motion for partial summary judgment, the Court found the application of the time bar was unreasonable with respect to the Short Term Disability Plan because Defendants had not supplied Plaintiff with plan documents and because she received misleading information from her employer. Further, the Court found that the time bar was not enforceable with respect to the Long Term Disability Plan because of the misleading nature of Defendants' communications with Plaintiff.

Because an award of attorney's fees would deter Defendants from unreasonably imposing the time bar in future cases, this factor weighs in favor of awarding attorney's fees.

D. Benefit

Plaintiff acknowledges that the result in this case primarily benefits herself, but argues that the Court's finding that

6

Defendants acted unreasonably and unfairly will help future claimants.  There may be some benefit to other plan participants in ensuring that Defendants do not improperly invoke the time bar.

This factor weighs in favor of awarding attorney's fees.

### E. Relative Merits of the Parties' Positions

Plaintiff argues that the fifth factor weighs heavily in her favor because the Court decided in her favor that Defendants wrongfully denied her benefits.  Defendants do not dispute Plaintiff's argument.

Based on the Court's judgment in favor of Plaintiff, the Court finds that the fifth factor weighs in favor of awarding attorney's fees.  See Smith, 746 F.2d at 590 ("The fifth Hummell factor, the relative merit of the parties' positions, is, int the final analysis, the result obtained by plaintiff.").

All the Hummell factors weigh in favor of awarding Plaintiff attorney's fees in this case.

## II. Fee Calculation

In the Ninth Circuit, reasonable attorney's fees are determined by first calculating the "lodestar."  Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  There is a strong presumption that the lodestar figure represents a reasonable fee, Jordan, 815 F.2d at 1262; however, the district court may adjust the award from the lodestar figure upon consideration of additional factors that may

7

bear upon reasonableness. <u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975).

Determining a reasonable hourly rate is a critical inquiry. <u>Jordan</u>, 815 F.2d at 1262 (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11). In establishing the reasonable hourly rate, the district court should take into account (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained, <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir. 1988), and (5) the contingent nature of the fee agreement. <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562-63 (1992). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. <u>Morales</u>, 96 F.3d at 363-64. Reasonable fees are generally calculated according to the prevailing market rates in the forum district. <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992).

The Supreme Court has recognized that, while it is appropriate for the district court to exercise its discretion in determining an award of attorney's fees, it remains important for the court to provide "a concise but clear explanation of its reasons for the fee award." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983); <u>Hall v. Bolger</u>, 768 F.2d 1148, 1151 (9th Cir. 1985) (in computing an award, the district court should provide a "detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate'") (quoting <u>Blum</u>, 465 U.S. at 898).

Defendants argue that Plaintiff's request for fees is

8

excessive because both the $425 hourly rate and the number of hours claimed are too high.

A.  Hourly Rate

Plaintiff submits the declaration of Daniel Feinberg, an ERISA attorney practicing in the area whose hourly rate is $575. Feinberg Declaration ¶ 8. Since 1988, Feinberg has represented Plaintiffs. Feinberg declares that he believes his rate is reasonable and within market rates for ERISA specialists at his experience level. Id. In 2006, Feinberg was awarded fees at the hourly rate of $495 for work performed on a case between 2004 and 2006. Id.

Plaintiff's counsel in this case declares that he has practiced primarily in the fields of insurance and benefits law since graduating from law school in 1986. Johnston Declaration at ¶ 6. He previously defended ERISA plans and now represents plaintiffs in ERISA cases. Id. Since February, 1999, counsel has "maintained a solo practice dedicated significantly to the representation of claimants in ERISA cases." Id. He states that $425, the rate he requests, is his "current rate for ERISA matters, and is based on [his] evaluation of the current state of the market for lawyers of [his] experience and qualifications." Id.

In addition, Plaintiff cites recent cases from this district, awarding fees in ERISA cases at hourly rates from $395 to $495 per hour. See, e.g., Farhat v. Hartford Life Acc. Ins. Co., 2006 WL 2521571 at *8 (N.D. Cal.) (awarding at rate of $435 per hour and citing cases awarding up to $495 per hour); Fleming v. Kemper Nat'l, 373 F. Supp. 2d 1000, 1012 (N.D. Cal. 2005) ($450 per hour).

9

1  Where Plaintiff has provided evidence "'regarding prevailing
2  fees in the community, and rate determinations in other cases,' the
3  Ninth Circuit has implied that defendants cannot simply disagree
4  with this evidence, but should 'support their arguments with any
5  affidavits or evidence of their own regarding legal rates in the
6  community.'"  Farhat, 2006 WL 2521571 at *7 (citing United
7  Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407
8  (9th Cir. 1990)).

9  Defendants have not done so.  Instead, Defendants argue that
10 Albion Pacific Property Resources v. Seligman, 329 F. Supp. 2d
11 1163, 1167 (N.D. Ca. 2004), limits the attorney's fees claim to
12 only the rate charged by "reasonably competent counsel."  However,
13 Albion and the other cases Defendants cite in support of this
14 argument are not ERISA cases.  In a recent ERISA case, the Ninth
15 Circuit held that "billing rates should be established by reference
16 to the fees that private attorneys of an ability and reputation
17 comparable to that of prevailing counsel charge their paying
18 clients for legal work of similar complexity."  Welch v. Metro.
19 Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (internal
20 quotations omitted); see also, D'Emanuele v. Montgomery Ward & Co.,
21 904 F.2d 1379, 1384 (9th Cir. 1990).

22 Therefore, Plaintiff's counsel's fees will be awarded at a
23 rate of $425 per hour.

24 B.   Number of Hours

25 Plaintiff's counsel states in his sworn declarations that he

10

has spent 224.8 hours on this case.[2]  Defendants contest the request for fees for the 22.6 hours Plaintiff's counsel spent on the state causes of action that were dismissed as preempted by ERISA.  In addition, Defendants contest the 0.3 hours counsel attributes to a jury demand because ERISA does not allow for a jury.

In her opposition to the motion to dismiss, Plaintiff argued that the two state law claims against Insurance Defendants were not preempted because ERISA only preempts cases against benefit plans themselves.  The Court concluded that those claims were preempted and granted Defendants' motion to dismiss.  Nonetheless, as Plaintiff points out, the Ninth Circuit has held that in applying 29 U.S.C. § 1132(g), the ERISA attorney's fees provision, "the Hummell factors should be 'liberally construed in favor of protecting participants in employee benefits plans.'"  Elliot, 337 F.3d at 1148 (quoting McElwaine, 176 F.3d 1167, 1172 (9th Cir. 1999)).  Therefore, the Elliot court affirmed the district court's award of fees, including fees for time spent on state law claims that were found to be preempted.

As discussed above, all of the Hummell factors weigh in favor of awarding Plaintiff attorney's fees.  Further, the Ninth Circuit has also held that where "claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims," the Court should "evaluate[] the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably

---

[2] This includes 10.6 hours spent on Plaintiff's reply to the opposition to this motion for attorney's fees.

11

expended on the litigation.'" <u>Thorne v. City of El Segundo</u>, 802 F.2d 1131, 1141 (9th Cir. 1986) (<u>quoting</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983)).  If the Court finds that Plaintiff has achieved "'excellent results' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive."  <u>Id.</u>  Such decisions are within the Court's discretion.  The Court finds that Plaintiff has achieved "excellent results."  As a result of this action, she is entitled to significant back benefits as well as prospective benefits.  Therefore, an award of fees for the full 224.8 hours of Plaintiff's counsel's time is appropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion and awards her $91,035 in fees to be paid jointly and severally by the liable Defendants forthwith.

IT IS SO ORDERED.

Dated: 6/14/07

_____
CLAUDIA WILKEN
United States District Judge